■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL LEACH, Appellant. [774 NYS2d 335]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered February 20, 2002, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (three counts), and sentencing him, as a second violent felony offender, to concurrent terms of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's finding that police questioning of defendant as to how to unload a pistol of a type that was unfamiliar to the recovering officer was justified under the safety exception to the requirement of *Miranda* warnings (*see New York v Quarles*, 467 US 649 [1984]; *People v Oquendo*, 252 AD2d 312 [1999], *lv denied* 93 NY2d 901 [1999]). The officer credibly explained why it was necessary to unload the weapon immediately in order to ensure the safety of the officers and others present at the potentially dangerous scene of the arrest, rather than attempting to secure it while still in a loaded condition.

Defendant's complaints about the court's responses to two

jury notes are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. The court provided a meaningful response to the jury's request for further instructions on the issue of possession (*see People v Malloy*, 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]), and the hypothetical it used did not signal the court's opinion on the ultimate question of guilt or innocence. The court's response to a note complaining about an alleged inability of some jurors to follow the law appropriately reminded the jury of its obligations. The court had provided an *Allen* charge (*Allen v United States*, 164 US 492 [1896]) earlier in the deliberations, and nothing in the note in question required a reiteration of any of the *Allen* principles. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.