■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN NOLASCO, Appellant. [831 NYS2d 197]—

Appeal by the defendant from an order of the County Court, Suffolk County (Braslow, J.), dated November 15, 2005, which denied his motion for resentencing on his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon his plea of guilty, on January 17, 2003.

Ordered that the order is affirmed.

Chapter 643 of the Laws of 2005 (hereinafter Chapter 643) gives certain inmates convicted of class A-II drug felonies the right to move for resentencing. The statute affords possible relief to certain inmates who are "more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law" (L 2005, ch 643, § 1). The statute does not apply to an inmate who is already an "eligible inmate," to wit, "a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years" (Correction Law § 851 [2]), or to an inmate who would come within this class in one year or less. Accordingly, Chapter 643 does not apply to inmates who are three years or fewer from eligibility for parole (*see People v Parris*, 35 AD3d 891 [2006]; *People v Bautista*, 26 AD3d 230 [2006]. Here, the defendant does not dispute that his earliest parole date is May 10, 2007, a date which is less than three years away from when the defendant filed his motion for resentencing in 2005. Consequently, since the defendant was fewer than three years from parole eligibility, the County Court properly denied his motion for resentencing. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.