■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RINCON, Appellant. [837 NYS2d 82]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered November 24, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree and criminal sale of a firearm in the third degree, and sentencing him, as a second felony offender, to concurrent terms of eight years to life and 2 to 4 years, respectively, and order,

same court and Justice, entered on or about July 17, 2006, which specified and informed defendant that the court would resentence him to a term of eight years for his conviction of criminal sale of a controlled substance in the second degree, unanimously affirmed, and the matter remanded to Supreme Court, New York County for further proceedings upon defendant's application for resentencing.

The court properly rejected defendant's belated attempt to make a peremptory challenge to a juror who had already been accepted by both sides, but who had not yet been sworn (*see People v Smith*, 278 AD2d 75, 76 [2000], *lv denied* 96 NY2d 763 [2001]). Up to that point in jury selection, the court had repeatedly accommodated defense counsel, who had exhibited a pattern of belated challenges and other delay. Moreover, counsel did not avail herself of two opportunities to challenge the juror in question. The fact that counsel communicated with her client through an interpreter was not a valid reason for the relief requested.

Defendant did not preserve his claims concerning the playing for the jury of a Spanish-language audiotape and his in absentia second felony offender adjudication, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Defendant's "mode of proceedings" (*see People v Agramonte*, 87 NY2d 765, 770 [1996]) and ineffective assistance of counsel claims regarding the audiotape issue are without merit.

Although the applicable section of the Drug Law Reform Act (L 2005, ch 643, § 1) permits a defendant to appeal from a court's order specifying its intended resentence, we perceive no basis for reducing the proposed term. In proposing a resentence that was two years above the minimum permissible sentence, the court considered the appropriate factors. We have considered and rejected defendant's remaining challenges to the Drug Law Reform Act proceeding. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.