■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD WILLIAMS, Appellant. [845 NYS2d 602]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered June 21, 2006 pursuant to the 2005 Drug Law Reform Act. The order, among other things, granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his 2004 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]). We reject the contention of defendant that County Court erred in failing to conduct a hearing on his resentencing application. In appearing before the court in accordance with DLRA-2, both defendant and defense counsel explained to the court why resentencing was warranted, and we conclude under the circumstances that the hearing requirement of DLRA-2 was met (see generally People v Figueroa, 21 AD3d 337, 339 [2005], lv denied 6 NY3d 753 [2005]; People v McCurdy, 11 Misc 3d 757, 759 [2006]; People v Quinones, 11 Misc 3d 582, 586 [2005]). We further conclude, however, that the court erred in failing to comply with DLRA-2 because it failed to set forth written findings of fact and the reasons for its determination to impose a determinate term of 13$^{1}/_{2}$ years imprisonment and a five-year period of postrelease supervision (see L 2005, ch 643, § 1). In addition, we conclude that the court erred in stating that the original sentence would stand before affording defendant an opportunity to exercise his right to appeal and to withdraw his application following that appeal (see id.). We therefore reverse the order and remit the matter to County Court to determine defendant's application in compliance with DLRA-2. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.