[847 NYS2d 645]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RA-
KEESE NEWTON, Appellant.

Second Department, December 18, 2007

### APPEARANCES OF COUNSEL

*Diane E. Selker,* Peekskill, for appellant.

*Michael E. Bongiorno, District Attorney,* New York City (*Argiro Kosmetatos* and *Elana L. Yeger* of counsel), for respondent.

### OPINION OF THE COURT

SKELOS, J.

By judgment rendered October 2, 2003, the defendant was convicted of criminal possession of a controlled substance in the second degree (*see* Penal Law § 220.18 [1]), a class A-II felony, upon his plea of guilty, and was sentenced as a second felony offender to an indeterminate term of imprisonment of six years to life. By application for resentencing dated October 26, 2005, the defendant sought to be resentenced pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643 [hereinafter the 2005 DLRA]). The new sentencing structure, insofar as applicable to this defendant, provides that the term of an authorized sentence "for a class A-II felony . . . shall be at least eight years and

shall not exceed seventeen years" (Penal Law § 70.71 [4] [b] [ii]).

Thereafter, the court conducted a hearing pursuant to the 2005 DLRA, upon the consent of the People, who indicated that the "defendant appear[ed] to be eligible for resentencing." At the hearing, the County Court stated that it had reviewed the documents submitted by defense counsel and considered, inter alia, the defendant's attempts to rehabilitate himself while incarcerated which included the completion of various vocational education programs, an HIV/AIDS peer educator training course, and a 36-hour course in basic legal research, the defendant's participation in drug counseling group meetings, the favorable evaluations of certain Department of Correctional Services' personnel, and the absence of any disciplinary infractions while incarcerated. The court also reviewed the defendant's presentence report prepared prior to his original sentencing and considered the defendant's long-term involvement and repeat offender status in the criminal justice system and the fact that his prior felony conviction was for a violent felony. The court expressed its concern as to the defendant's ability to abstain from using guns and drugs. The court then advised the defendant that in balancing the positive and negative factors it had considered, it determined that he was eligible for resentencing. The County Court advised the defendant that the proposed resentence was a determinate term of imprisonment of 11 years, with 5 years of postrelease supervision.

The County Court then stated "it is up to the defendant to opt to withdraw his application for resentence or to be resentenced in accordance with the 11 years and five years postrelease supervision" proposed by the court. After the defendant consulted with his counsel, the defense counsel indicated to the court that the defendant wished to withdraw his application. Notwithstanding this purported withdrawal of the application, the County Court, at the prosecutor's prompting, advised the defendant that he had the right to appeal, albeit from the "judgment of conviction." The court entered an order on March 10, 2006, inter alia, specifying and informing the defendant of the proposed resentence and the factors upon which it was based (hereinafter the DLRA order). The defendant appeals from that order.

■ The People argue on this appeal that the defendant was not entitled to appeal from the DLRA order because he withdrew his application for resentence. The 2005 DLRA provides that:

"Upon its review of the submissions and the findings of fact made in connection with the application, the court shall . . . specify and inform [the defendant] of the term of a determinate sentence of imprisonment it would impose upon such conviction, as authorized for a class A-II felony by and in accordance with section 70.71 of the penal law, in the event of a resentence and shall enter an order to that effect. The court *shall notify [the defendant] that, unless he or she withdraws the application or appeals from such order*, the court will enter an order vacating the sentence originally imposed and imposing a determinate sentence of imprisonment . . . that . . . shall be the same as the court previously specified" (L 2005, ch 643, § 1 [emphasis added]).

At bar, despite the defendant having advised the court of his desire to withdraw the application, he did so without having been notified by the court that alternatively he had the right to take an appeal from the DLRA order (*see* L 2005, ch 643, § 1). The court's pro forma recitation, at the hearing, of the defendant's right to appeal from the judgment of conviction, was inadequate to properly advise the defendant of his right to appeal from the DLRA order. Moreover, given that the defendant's right to take an appeal as of right from the judgment of conviction had expired, the court's advisement was given in error (*see* CPL 460.10 [1] [a]). Accordingly, under these particular circumstances, this Court disagrees with the People's position that the defendant is not entitled to take an appeal from the DLRA order because he withdrew his application.

The 2005 DLRA expressly provides that:

"*[a]n appeal* in accordance with the applicable provisions of the criminal procedure law *may also be taken as of right by the defendant from an order specifying and informing [the defendant] of the term of the determinate sentence the court would impose upon resentencing* on the ground that the term of the proposed sentence is harsh or excessive; upon remand to the sentencing court following such appeal the defendant shall be given an opportunity to withdraw an application for resentencing before any resentence is imposed" (L 2005, ch 643, § 1 [emphasis added]).

The People argue that "[a] plain reading of the statute would seem to imply that since a defendant has the opportunity to withdraw his application for resentence upon remand *after* an appeal of a proposed order, that a defendant cannot withdraw his application *prior* to the appeal." I cannot subscribe to such a narrow interpretation of the statute that would force a defendant to take an appeal rather than simply allowing him or her to withdraw the application for resentencing. Moreover, such a reading of the statute would be contrary to the People's argument here that the defendant withdrew his application (prior to taking this appeal), and thus, is no longer entitled to take an appeal. To take the People's argument at face value, the defendant's purported withdrawal of his application prior to taking the appeal would not have been authorized by the statute, and thus, would not have been effectual.

Notwithstanding the foregoing, as a practical matter, it would seem to be in a defendant's best interests to take an appeal from the order in which the court specifies and informs him or her of the proposed sentence, if the defendant has a good faith belief that the proposed sentence is harsh or excessive, rather than withdraw the application. However, the plain language of the statute does not condition a defendant's right to withdraw the application on his or her first taking an appeal. Rather, it provides a defendant with the option of withdrawing the application after he or she is informed of the proposed sentence which, in my view, can be done either in lieu of taking an appeal or upon remand to the sentencing court following an appeal.

In any event, while I agree with the People's contention that in the normal course, where a defendant has withdrawn his application in lieu of taking an appeal, he or she would no longer be entitled to take an appeal, such is not the case here. At bar, in light of the County Court's failure to adequately notify the defendant of his statutorily-prescribed options, having only advised him of his right to withdraw his application but not of his right to appeal from the DLRA order, we find that there was no knowing and intelligent waiver of his right to appeal therefrom (*cf. People v Lopez*, 6 NY3d 248, 256-257 [2006]; *but cf. People v Ramos*, 7 NY3d 737, 738 [2006]). Accordingly, the defendant is entitled to pursue this appeal.

█ Turning to the merits, the County Court providently exercised its discretion in determining that it would resentence the defendant to a determinate term of imprisonment of 11 years with 5 years postrelease supervision. The factors identi-

fied by the court provided ample support for its determination (*see People v Rincon*, 40 AD3d 538 [2007]; *People v Anonymous*, 33 AD3d 336, 337 [2006]). Contrary to the defendant's contention, the fact that he was originally sentenced to the minimum authorized indeterminate term of imprisonment under the prior sentencing structure did not require that he be resentenced to the minimum authorized determinate term of imprisonment under the new sentencing structure. Accordingly, the County Court's proposed resentence which was only two years more than the minimum determinate term authorized by Penal Law § 70.71 (4) (b) (ii) was neither harsh nor excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The People's contention that the defendant was not eligible for resentencing is not properly before us on this appeal. The 2005 DLRA limits an appeal from a DLRA order to the question of whether the proposed sentence was harsh or excessive (*see* L 2005, ch 643, § 1). Thus, we do not address the People's argument that although they "erroneously conceded" in the County Court that the defendant was eligible for resentencing under the 2005 DLRA, they were mistaken (*see generally People v Nolasco*, 37 AD3d 622, 623 [2007]; *People v Bautista*, 26 AD3d 230 [2006]). Notwithstanding the foregoing, this is not to say that either the People or the defendant would be foreclosed from challenging the legality of any resentence actually imposed (*see* CPL 450.10 [2]; 450.20 [4]; 450.30 [1], [2]; L 2005, ch 643, § 1).

In light of the foregoing, we affirm the order appealed from and, pursuant to the 2005 DLRA, we remit this matter to the County Court, Rockland County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed (*see* L 2005, ch 643, § 1).

SPOLZINO, J.P., DILLON and McCARTHY JJ., concur

Ordered that the order is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings in accordance herewith.