■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT VAN EPPS, Appellant. [847 NYS2d 893]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 24, 2006. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAIQUAN BOWMAN, Appellant. [847 NYS2d 875]—Appeal from a new sentence of the Onondaga County Court (William D. Walsh, J.), rendered April 26, 2006 imposed upon defendant's conviction of criminal possession of a controlled substance in the second degree (two counts). Defendant was resentenced pursuant to the 2005 Drug Law Reform Act upon his 2004 conviction.

It is hereby ordered that the sentence so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a new sentence pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granted upon his application to be resentenced upon his 2004 conviction of two counts of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]). Defendant's contentions are the same as those raised by the defendant in *People v Williams* (45 AD3d 1377 [2007]) and, for reasons stated in our decision in that case, we reverse the sentence and remit the matter to County Court to determine defendant's application in compliance with DLRA-2. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.