■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRAINE J. STAPLES, Appellant. [847 NYS2d 893]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered November 19, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHONCIE STITH, Appellant. [847 NYS2d 505]—Appeal from a new sentence of the Onondaga County Court (William D. Walsh, J.), rendered June 27, 2006 imposed upon defendant's conviction of criminal possession of a controlled substance in the second degree. Defendant was resentenced pursuant to the 2005 Drug Law Reform Act upon his 2004 conviction.

It is hereby ordered that the sentence so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a new sentence pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1). County Court granted his application for resentencing upon his 2004 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]). Because defendant raises issues that challenge the legality of his sentence, those issues are not encompassed by his waiver of the right to appeal (*see generally People v Seaberg*, 74 NY2d 1, 9 [1989]). Defendant's contentions are the same as those raised by the defendant in *People v Williams* (45 AD3d 1377 [2007]) and, for reasons stated in our decision in that case, we reverse the sentence and remit the matter to County Court to determine defendant's application in compliance with DLRA-2. Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.