*People v Smith* , 45 AD3d 1478 [2007]). "Moreover, we conclude that DLRA-2 was never intended to apply to class A-II felony offenders 'who have served their term of imprisonment, have been released from prison to parole supervision, and whose parole is then violated, with a resulting period of incarceration' " (*Smith*, 45 AD3d at 1480). Here, defendant had served his minimum sentence, violated parole on two occasions, and was again incarcerated after both violations (*see id.*; *People v Bagby*, 11 Misc 3d 882, 887 [2006]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [847 NYS2d 509]—Appeal from a new sentence of the Onondaga County Court (William D. Walsh, J.), rendered April 6, 2006 imposed upon defendant's conviction of criminal sale of a controlled substance in the second degree. Defendant was resentenced pursuant to the 2005 Drug Law Reform Act upon his 1991 conviction.

It is hereby ordered that the sentence so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a new sentence pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granted upon his application to be resentenced upon his 1991 conviction of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [former (1)]). Defendant's contentions are the same as those raised by the defendant in *People v Williams* (45 AD3d 1377 [2007]) and, for reasons stated in our decision in that case, we reverse the sentence and remit the matter to County Court to determine defendant's application in compliance with DLRA-2. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.