(February 14, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [850 NYS2d 717]—

Kavanagh, J. Appeal from an order of the Supreme Court (Lamont, J.), entered April 25, 2006 in Albany County, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, as well as related misdemeanor offenses. He was sentenced in February 1992 to consecutive prison terms of 12½ years to life on the criminal possession conviction and 12½ to 25 years on the

criminal sale conviction. In March 2006, following the passage of the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1; hereinafter DLRA 2005) defendant moved for resentencing. Supreme Court denied the motion, finding that defendant could not be resentenced because he was ineligible for a merit time allowance under Correction Law § 803 (1) (d) (iv) due to the serious disciplinary infractions he incurred while in prison. Defendant appeals.

Under DLRA 2005, certain defendants convicted of class A-II felony drug offenses may apply for resentencing provided that (1) they were sentenced "to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions of the law in effect prior to the effective date of [DLRA 2005]," (2) they are "more than twelve months from being an eligible inmate as that term is defined in [Correction Law § 851 (2)]," and (3) they "meet[ ] the eligibility requirements of [Correction Law § 803 (1) (d)]" (L 2005, ch 643, § 1; see People v Bautista, 26 AD3d 230 [2006], appeal dismissed 7 NY3d 838 [2006]). Merit time allowances are governed by the provisions of Correction Law § 803 (1) (d). The sole question presented on this appeal is whether defendant satisfied the eligibility requirements for receiving a merit time allowance under Correction Law § 803 (1) (d) so as to be eligible for resentencing.

Correction Law § 803 (1) (d) (i) provides generally that all inmates serving indeterminate or determinate sentences of one year or more, unless convicted of specified offenses, may earn a merit time allowance. The statute goes on to specify the circumstances under which this type of allowance may be granted, such as where an inmate completes certain treatment programs or vocational training (see Correction Law § 803 [1] [d] [vi]). The statute then identifies those circumstances which, if found to exist, will result in the withholding of a merit time allowance. One such circumstance is where an inmate commits a "serious disciplinary infraction" (Correction Law § 803 [1] [d] [vi]), which is defined as behavior resulting in disciplinary sanctions being imposed that total 60 or more days in the special housing unit and/or keeplock (see 7 NYCRR 280.2 [b] [3]). Here, it is undisputed that defendant has been found to have committed numerous disciplinary infractions while incarcerated which resulted in sanctions being imposed that exceeded 60 days in the special housing unit and/or keeplock. As a result of these infractions, defendant is not eligible for a merit time allowance under the provisions of Correction Law § 803 (1) (d) (see People v Paniagua, 45 AD3d 98, 106-107 [2007], lv denied 9 NY3d 992

[2007]) and, as such, is not eligible for resentencing under DLRA 2005. Recognizing the Second Department's holding in *People v Sanders* (36 AD3d 944 [2007], *lv dismissed* 8 NY3d 927 [2007]), we echo the First Department in *People v Paniagua* (45 AD3d at 107-108) that "[n]othing in [DLRA 2005] or Correction Law § 803 (1) (d) suggests that the Legislature intended such a narrow meaning to 'eligibility requirements' " (*id.* at 107-108) and, for that reason, we decline to follow *Sanders.*

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed. [*See* 12 Misc 3d 1154(A), 2006 NY Slip Op 50890(U).]