■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS ALEMAN, Appellant. [851 NYS2d 509]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 14, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentenced him to concurrent terms of 25 years to life and 8¹/₃ to 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations, including its rejection of defendant's testimony. "The People's evidence established more than [defendant's] mere presence but [his] presence under a particular set of circumstances from which a jury could infer possession" (*People v Bundy*, 90 NY2d 918, 920 [1997]). The evidence supports the conclusion that defendant was a knowing participant in a large-scale drug enterprise. The circumstances of his proximity to very large amounts of drugs and money were entirely inconsistent with his claim that his involvement was unwitting.

The court's *Allen*-type charge (see *Allen v United States*, 164 US 492 [1896]) was not coercive or prejudicial because it did not urge the jurors to agree upon a verdict or obligate them to convince one another of the correctness of their views, and it did not ask any jurors to surrender their conscientiously held beliefs (see *People v Ford*, 78 NY2d 878, 880 [1991]). The court, in responding to a jury note that indicated that the jurors were refusing to follow the court's circumstantial evidence charge and that some of the jurors were improperly concerned about the defendants' imprisonment, properly reminded the jurors of their duty to follow the law (see *People v Leach*, 6 AD3d 238,

239 [2004], *lv denied* 3 NY3d 643 [2004]). Although the court, once again, framed its "own impromptu *Allen* charge" (*People v Fong*, 16 AD3d 179, 180 [2005], *lv denied* 4 NY3d 886 [2005]), instead of using the Criminal Jury Instructions, the fact that the jury continued to deliberate for several days thereafter, and acquitted defendant of money-laundering charges, indicates that the charge did not have a coercive effect (*compare People v Aponte*, 2 NY3d 304, 309 [2004]). Viewing the charge in context and under all the circumstances, we conclude that it did not deprive defendant of any constitutional right (*see Lowenfield v Phelps*, 484 US 231, 237-241 [1988]). However, we once again express our dismay that the court saw fit to deviate from the Criminal Jury Instructions.

Defendant's complaint about the court's response to a jury note requesting further instructions on the issue of credibility is unpreserved (*People v Buckley*, 75 NY2d 843 [1990]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant improperly raises for the first time in his reply brief an argument that the court committed reversible error in its supplemental instruction on the meaning of a reasonable alternative hypothesis. In any event, we find that argument without merit.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.