THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO CARTER, Appellant. [856 NYS2d 382]—Appeal from an order of the Erie County Court (Timothy J. Drury, J.), entered August 30, 2006 pursuant to the 2005 Drug Law Reform Act. The order granted defendant's application for resentencing upon defendant's 2005 conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant contends that, upon granting his application for resentencing pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1), County Court offered a new sentence that was unduly harsh and severe. He further contends that, after the court offered the new sentence, the court abused its discretion in denying his request for an adjournment so that he could complete programs that would allow him to demonstrate a more favorable institutional record to support his request for a lesser sentence.

We reject defendant's contentions. Addressing first defendant's request for an adjournment, we note that it is well established that "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*People v Patterson*, 177 AD2d 1042 [1991], *lv denied* 79 NY2d 1052 [1992]), and defendant failed to establish that his need for an adjournment was caused by anything other than his own decisions concerning the timing of his application for resentencing (*see generally People v Brandi E.*, 38 AD3d 1218 [2007], *lv denied* 9 NY3d 863 [2007]). Finally, the new sentence offered by the court, which defendant rejected, was not unduly

harsh and severe. "The factors identified by the court provided ample support" for the new sentence (*People v Newton*, 48 AD3d 115, 119-120 [2007]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.