THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVON PETERSON, Appellant. [856 NYS2d 430]—

Appeal from a new sentence of the Onondaga County Court (William D. Walsh, J.), rendered October 2, 2006 imposed upon defendant's conviction of criminal possession of a controlled substance in the second degree. Defendant was resentenced

pursuant to the 2005 Drug Law Reform Act upon his 2004 conviction.

It is hereby ordered that the sentence so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a new sentence upon his 2004 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) imposed pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1). We agree with defendant that County Court erred in failing to "offer [him] an opportunity for a hearing" pursuant to DLRA-2, inasmuch as defendant was not given an opportunity to offer "any facts or circumstances relevant to the imposition of a new sentence" (L 2005, ch 643, § 1). The court also erred in failing to set forth written findings of fact and the reasons for its determination to impose a determinate term of imprisonment of 9$^1$/$_2$ years and a five-year period of postrelease supervision (*see id.; People v Williams*, 45 AD3d 1377, 1378 [2007]). We therefore reverse the sentence and remit the matter to County Court to determine defendant's application in compliance with DLRA-2, including a determination whether defendant is ineligible for resentencing because he does not meet the eligibility requirements of Correction Law § 803 (1) (d) (*see People v Williams*, 48 AD3d 858 [2008]; *People v Paniagua*, 45 AD3d 98, 105-107 [2007], *lv denied* 9 NY3d 992 [2007]; *cf. People v Sanders*, 36 AD3d 944, 945-946 [2007], *lv denied* 8 NY3d 927 [2007]). Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.