■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BOATMAN, Appellant. [861 NYS2d 882]—Appeal from an

order of the Onondaga County Court (William D. Walsh, J.), entered April 10, 2007 pursuant to the 2005 Drug Law Reform Act. The order granted defendant's application for resentencing upon defendant's 2003 conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law former § 220.18 [1]) and specifying that County Court would impose a determinate sentence of imprisonment of 10 years plus a five-year period of postrelease supervision. We reject defendant's contention that the proposed sentence is harsh and excessive. The sentence was based on the role of defendant in the underlying narcotics conspiracy, which consisted of his having transported 10 ounces of cocaine into the Syracuse area. Furthermore, defendant is a second felony drug offender with a predicate violent felony offense (*see* § 70.71 [4] [b] [ii]), and he admitted that he had transported cocaine on "several" past occasions.

Defendant's contention that the court erred in failing to provide written findings of fact as required by DLRA-2 is raised for the first time in defendant's reply brief and thus is not properly before us (*see People v Adams*, 50 AD3d 433, 434 [2008]; *People v Aleman*, 48 AD3d 305, 306 [2008]; *People v Boynton*, 35 AD3d 875, 876 [2006], *lv denied* 8 NY3d 982 [2007]). In any event, we conclude that the court's oral statements provided a sufficient basis to enable us to review defendant's contention that the sentence is harsh and excessive. We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before that sentence is imposed, as required by DLRA-2. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.