■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAH REESE, Appellant. [885 NYS2d 552]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered March 28, 2008 pursuant to the 2005 Drug Law Reform Act. The order granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree and specified the sentence that would be imposed.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and specifying that County Court would impose a determinate sentence of incarceration of 9½ years plus a period of postrelease supervision of five years. We previously reversed an order granting defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Reese*, 48 AD3d 1080 [2008]). Defendant rejected the new sentence and now appeals from the order on remittal. We reject defendant's contention that the

proposed new sentence is harsh and excessive. The court upon remittal properly set forth in its decision the reasons for the proposed new sentence, taking into consideration, inter alia, defendant's criminal history and "heavy" involvement in the instant drug conspiracy (*see generally People v Boatman*, 53 AD3d 1053 [2008]). We reject defendant's further contention that the proposed new sentence was unauthorized as a matter of law. Even assuming, arguendo, that defendant's contention is properly raised on appeal from a specifying order (*see* L 2005, ch 643, § 1), we conclude that the proposed new sentence falls within the sentencing parameters of Penal Law § 70.71 (2) (b) (ii). We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see Boatman*, 53 AD3d at 1054). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.