THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINWOOD WILLIAMS, Appellant. [886 NYS2d 534]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered March 28, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree and specified the sentence that would be imposed.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and specifying that County Court would impose a determinate sentence of 13½ years plus a period of postrelease supervision of five years. We previously reversed an order granting defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Williams*, 45 AD3d 1377 [2007]).

We reject defendant's contention that the proposed new sentence is harsh and excessive. The court, upon remittal, properly set forth in its decision the reasons for the proposed new sentence, taking into consideration the magnitude of the crime, defendant's prior criminal history, the advantageous terms of the plea bargain, defendant's arrest on new drug charges after being released on bail pending sentencing, and any efforts toward rehabilitation made by defendant during his incarceration (*see generally People v Boatman*, 53 AD3d 1053 [2008]). We thus conclude that the court properly exercised its discretion in determining the length of the proposed new sentence. We further reject defendant's contention that the proposed new sentence was unauthorized as a matter of law. Even assuming, arguendo, that defendant's contention is properly raised on an appeal from a specifying order (*see* L 2005, ch 643, § 1), we conclude that the proposed new sentence falls within the sentencing parameters of Penal Law § 70.71 (4) (b) (ii).

We reject the further contention of defendant that the court erred in denying his motion for recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406 [1987]; *see People*

*v Oehler,* 52 AD3d 955, 956-957 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Weekes,* 46 AD3d 583, 584-585 [2007], *lv denied* 10 NY3d 845 [2008]; *People v Crane,* 294 AD2d 867 [2002], *lv denied* 98 NY2d 767 [2002]). We perceive no abuse of discretion here, and we reject the contention of defendant that the court's refusal to propose a new sentence lesser than the previously imposed minimum sentence evinced a bias against DLRA-2 and a determination to thwart the ameliorative effects of that legislation (*see People v Strohman,* 66 AD3d— [2009]). We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see Boatman,* 53 AD3d at 1054).

Finally, the appeal by defendant from a subsequent order denying his pro se motion for leave to reargue his prior recusal motion is not before us on this appeal inasmuch as counsel was not assigned to represent defendant on his appeal from that order. We note in any event that no appeal lies from an order denying leave to reargue (*see People v Auslander,* 169 AD2d 853, 854 [1991]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.