■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLUSEGUN GBENGBE, Appellant. [888 NYS2d 340]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered February 1, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2005 conviction of criminal possession of a controlled substance in the second degree and imposed a new sentence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by deleting those parts vacating the sentence imposed November 16, 2005 and imposing a new sentence and as modified the order is affirmed, the sentence imposed January 30, 2008 is vacated, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from

an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and imposing a determinate term of imprisonment of 4½ years plus a period of postrelease supervision of five years. We previously reversed the sentence imposed following defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Gbengbe*, 46 AD3d 1445 [2007]).

We reject defendant's contention that the new sentence is harsh and excessive. The court upon remittal properly set forth in its decision the reasons for the new sentence, taking into consideration defendant's role in the drug conspiracy, the advantageous terms of the original plea bargain and defendant's failure to cooperate with law enforcement, which resulted in a less favorable plea agreement (*see generally People v Boatman*, 53 AD3d 1053 [2008]). We thus conclude that the court properly exercised its discretion in determining the length of the new sentence. We reject defendant's further contention that the new sentence was unauthorized as a matter of law, inasmuch as the new sentence falls within the sentencing range of Penal Law § 70.71 (2) (b) (ii).

For the reasons set forth in our decision in *People v Graves* (66 AD3d 1513 [2009]), however, we conclude that the court erred in imposing the new sentence without first affording defendant the opportunity to appeal from the order specifying the new sentence and to withdraw his application for resentencing following our determination of that appeal. We therefore modify the order by deleting those parts vacating the original sentence and imposing a new sentence, vacate the new sentence imposed, and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see Boatman*, 53 AD3d at 1054). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.