■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GRAVES, Appellant. [886 NYS2d 788]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered January 18, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2005 conviction of criminal possession of a controlled substance in the second degree and imposed a new sentence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by deleting those parts vacating the sentence imposed July 19, 2005 and imposing a new sentence and as modified the order is affirmed, the sentence imposed January 14, 2008 is vacated, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and imposing a determinate term of imprisonment of nine years plus a five-year period of postrelease supervision. We previously reversed the sentence imposed following defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Graves*, 45 AD3d 1393 [2007]).

We reject defendant's contention that the new sentence is harsh and excessive. The court upon remittal properly set forth in its decision the reasons for the sentence, taking into consideration the magnitude of the crime and defendant's role in the criminal enterprise, as well as the advantageous terms of defendant's plea bargain. We therefore conclude that the court properly exercised its discretion in determining the length of the new sentence (*see generally People v Newton*, 48 AD3d 115, 119-120 [2007]; *People v Anonymous*, 33 AD3d 336 [2006]). We reject defendant's further contention that the new sentence was unauthorized as a matter of law, inasmuch as the new sentence falls within the sentencing parameters of Penal Law § 70.71 (2) (b) (ii).

The court erred, however, in imposing the new sentence without first affording defendant the opportunity to appeal from the order specifying the new sentence that the court would impose and to withdraw his application for resentencing following our determination of that appeal (*see People v Love*, 46 AD3d 919, 921 [2007], *lv denied* 10 NY3d 842 [2008]; *see generally People v Loyd*, 53 AD3d 679, 680 [2008]). Pursuant to DLRA-2, upon granting an application for resentencing,

the court "shall . . . specify and inform [the defendant] of the term of a determinate sentence of imprisonment it would impose upon such conviction, as authorized for a class A-II felony by and in accordance with [Penal Law § 70.71], in the event of a resentence and shall enter an order to that effect." The court must then advise the defendant that, unless he or she either withdraws the application for resentencing or appeals from the court's specifying order, the court will enter an order vacating the original sentence and impose the specified determinate sentence. An appeal may be taken as of right from the court's specifying order, following which the defendant "shall be given an opportunity to withdraw an application for resentencing before any resentence is imposed" (L 2005, ch 643, § 1). We therefore modify the order by deleting those parts vacating the original sentence and imposing a new sentence, vacate the new sentence imposed, and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see People v Boatman*, 53 AD3d 1053, 1054 [2008]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.