1520

**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v **RASHUN MIKE**, Appellant. [886 NYS2d 536]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered February 1, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2003 conviction of criminal possession of a controlled substance in the second degree and specified the sentence that would be imposed.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and specifying that County Court would impose a determinate sentence of $10^1/_2$ years plus a period of postrelease supervision of five years. We previously reversed an order granting defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Mike*, 46 AD3d 1406 [2007]).

We reject defendant's contention that the proposed new sentence is harsh and excessive. The court upon remittal properly set forth in its decision the reasons for the proposed new sentence, taking into consideration defendant's criminal history, defendant's involvement in the drug conspiracy, the advantageous terms of the plea bargain, and the fact that the original indeterminate sentence was previously reduced in light of defendant's cooperation with the police (*see generally People v Boatman*, 53 AD3d 1053 [2008]). We thus conclude that the court properly exercised its discretion in determining the length of the proposed new sentence. We further reject defendant's contention that the proposed new sentence was unauthorized as a matter of law. Even assuming, arguendo, that defendant's contention is properly raised on an appeal from a specifying order (*see* L 2005, ch 643, § 1), we conclude that the proposed new sentence falls within the sentencing range of Penal Law § 70.71 (3) (b) (ii). We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see Boatman*, 53 AD3d at 1054). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.