■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY HARDMON, Appellant. [886 NYS2d 785]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered January 18, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree and imposed a new sentence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by deleting those parts vacating the sentence imposed March 23, 2004 and imposing a new sentence and as modified the order is affirmed, the sentence imposed January 14, 2008 is vacated, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and imposing a determinate term of imprisonment of 10 years plus a five-year period of postrelease supervision. We previously reversed the sentence imposed following defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Hardmon*, 45 AD3d 1394 [2007]).

We reject defendant's contention that the new sentence imposed is harsh and excessive. The court upon remittal properly set forth its reasons for the new sentence, taking into consideration the magnitude of the crime and the charges against defendant, the failure of defendant to avail himself of a more favorable sentence by cooperating with law enforcement authorities, and the advantageous terms of defendant's plea bargain. We therefore conclude that the court properly exercised its discretion in determining the length of the new sentence (*see generally People v Newton*, 48 AD3d 115, 119-120 [2007]; *People v Anonymous*, 33 AD3d 336 [2006]). We reject defendant's further contention that the new sentence was unauthorized as a matter of law, inasmuch as the new sentence falls within the sentencing parameters of Penal Law § 70.71 (3) (b) (ii).

For the reasons set forth in our decision in *People v Graves* (66 AD3d 1513 [2009]), however, we conclude that the court erred in imposing the new sentence without first affording defendant the opportunity to appeal from the order specifying the new sentence that the court would impose and to withdraw his ap-

plication for resentencing following our determination of that appeal. We therefore modify the order by deleting those parts vacating the original sentence and imposing a new sentence, vacate the new sentence imposed, and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (see People v Boatman, 53 AD3d 1053, 1054 [2008]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.