■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JAMES, Appellant. [891 NYS2d 567]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered March 28, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree and imposed a new sentence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by deleting those parts vacating the sentence imposed February 24, 2004 and imposing a new sentence and as modified the order is affirmed, the sentence imposed February 26, 2008 is vacated, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled

substance in the second degree (Penal Law § 220.18 [former (1)]) and imposing a determinate term of imprisonment of 6½ years plus a five-year period of postrelease supervision. We previously reversed the sentence imposed following defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v James*, 48 AD3d 1244 [2008]).

We reject defendant's contention that the new sentence imposed is harsh and excessive. The court upon remittal properly set forth its reasons for the new sentence, taking into consideration defendant's criminal history, the magnitude of the narcotics conspiracy and defendant's role in it, the advantageous terms of the original plea bargain, and the fact that defendant's sentence had previously been reduced from the sentence included in the original plea bargain. We note that the new sentence is only six months longer than the shortest sentence defendant could receive pursuant to Penal Law § 70.71 (3) (b) (ii), and we conclude that the court properly exercised its discretion in determining the length of the new sentence (*see generally People v Murray*, 58 AD3d 1073, 1076 [2009], *lv denied* 12 NY3d 786 [2009]; *People v Ensley*, 53 AD3d 929 [2008]). We reject defendant's further contention that the new sentence was unauthorized as a matter of law, inasmuch as the new sentence falls within the sentencing parameters of Penal Law § 70.71 (3) (b) (ii).

For the reasons set forth in our decision in *People v Graves* (66 AD3d 1511 [2009]), however, we conclude that the court erred in imposing the new sentence without first affording defendant the opportunity to appeal from the order specifying the new sentence that the court would impose and to withdraw his application for resentencing following our determination of that appeal. We therefore modify the order by deleting those parts vacating the original sentence and imposing a new sentence, vacate the new sentence imposed, and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see People v Boatman*, 53 AD3d 1053, 1054 [2008]). Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.