THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN NICOL, Appellant. [891 NYS2d 804]—

We reject defendant's contention that the new sentence is harsh and excessive. We further conclude that the court upon remittal properly set forth in its decision the reasons for the new sentence (*see People v Boatman*, 53 AD3d 1053 [2008]), and thus properly exercised its discretion in determining the length of the new sentence (*see generally People v Newton*, 48 AD3d 115, 119-120 [2007]). We reject defendant's further contention that the new sentence was unauthorized as a matter of law, inasmuch as the new sentence falls within the sentencing range of Penal Law § 70.71 (3) (b) (ii).

For the reasons set forth in our decision in *People v Graves* (66 AD3d 1513 [2009]), however, we conclude that the court erred in imposing the new sentence without first affording defendant the opportunity to appeal from the order specifying the new sentence that the court would impose and to withdraw his application for resentencing following our determination of that

appeal. We therefore modify the order by deleting those parts vacating the original sentence and imposing a new sentence, vacate the new sentence imposed, and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (see Boatman, 53 AD3d at 1054). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.