■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETE ROSADO, Appellant. [894 NYS2d 310]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered May 8, 2008 pursuant to the 2005 Drug Law Reform Act. The order, among other things, granted defendant's application for resentencing upon defendant's 2003 conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: We previously affirmed the judgment convicting defendant of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]; *People v Rosado*, 26 AD3d 891 [2006], *lv denied* 6 NY3d 838 [2006]), and he now appeals from an order pursuant to the 2005 Drug Law Reform Act (DLRA-2) (L 2005, ch 643, § 1) granting his application for resentencing. The order sets forth that defendant rejected the offer of a determinate sentence of imprisonment of 11½ years plus a five-year period of postrelease supervision on the condition that he waive his right to appeal, and County Court stated on the record that the previously imposed sentence of 8½ years to life "would continue."

Contrary to defendant's contention, we conclude that defendant was not denied an opportunity for a hearing pursuant to DLRA-2 on his resentencing application (*see People v Williams*, 45 AD3d 1377 [2007]; *cf. People v Figueroa*, 21 AD3d 337, 339 [2005], *lv denied* 6 NY3d 753 [2005]). We agree with defendant, however, that the court erred in failing to comply with DLRA-2 because it failed to set forth written findings of fact and the reasons for its determination that the new sentence was appropriate (*see Williams*, 45 AD3d 1377 [2007]; *see generally People v James*, 67 AD3d 1357 [2009]). We further conclude that the court erred in conditioning the resentencing offer on defendant's waiver of the right to appeal. "In order to safeguard a defendant's statutory right to obtain appellate review of the proposed resentence *before* making the ultimate decision as to whether to accept it, the sentencing court must afford the defendant the opportunity to appeal from the initial DLRA[-2] order" (*People v Love*, 46 AD3d 919, 921 [2007], *lv denied* 10 NY3d 842 [2008] [emphasis added]; *see People v Graves*, 66 AD3d 1513, 1514-1515 [2009]). Here, the court not only failed to afford defendant an opportunity to take an appeal from the specifying order, but it expressly conditioned the resentence offer on defendant's waiver of the right to appeal from the new sentence. We therefore reverse the order and remit the matter to County Court to determine defendant's application in compli-

ance with DLRA-2. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.