■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT MACK, Appellant. [912 NYS2d 181]—

Judgment of resentence, Supreme Court, New York County (Lewis Bart Stone, J.), rendered January 14, 2010, resentencing defendant to a term of 4½ years, with three years' postrelease supervision, unanimously affirmed.

Pursuant to CPL 440.46, the court reduced defendant's sentence on his drug conviction, which had been 7 to 14 years, to a determinate term of $4^1/_2$ years, to be followed by three years of postrelease supervision. On this appeal, he does not challenge his new prison term, which he has completed, but seeks a reduction of his postrelease supervision term.

Defendant argues that his waiver of appeal is not valid because the court advised him that the Drug Law Reform Act of 2009 (DLRA) offer was conditioned upon a waiver of his right to appeal only after the reduced sentence had been imposed.

There is no question that the right to appeal may be waived as a condition of a sentence (*see People v Seaberg,* 74 NY2d 1 [1989]). However, a sentencing court must afford the defendant an opportunity to appeal from the initial DLRA order *"before* making the ultimate decision as to whether to accept it" (*People v Rosado,* 70 AD3d 1332, 1333 [2010]).

Here, defendant received the exact sentence he agreed to and pursuant to the terms of his resentencing, it was imposed nunc pro tunc. This gave defendant credit for the time he already served, thus making him immediately eligible for release. Defendant was represented by counsel and had adequate time to discuss the written waiver of appeal before signing it and proceeding with the agreed upon sentence. While the better practice would have been for the court to have addressed this issue during discussion of the proposed new sentence as stated in *Rosado,* the facts herein do not warrant a reduction of defendant's sentence, which is the only relief he seeks on this appeal. Under these circumstances, we find that the failure to discuss the waiver of appeal requirement does not invalidate the waiver (*see People v Paniagua* 45 AD3d 98 [2007], *lv denied* 9 NY3d 992 [2007]; *People v Bennett,* 31 AD3d 298 [2006], *lv denied* 7 NY3d 846 [2006]).

In any event, we find that the three-year period of postrelease supervision is not excessive, and we see no reason to reduce it. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.

