# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1351**
**CA 10-01574**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOHN HOGAN,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,
RESPONDENT-RESPONDENT.

---

JOHN HOGAN, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered June 25, 2010 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey orders]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [failure to follow directions relating to movement within the facility]). Petitioner contends that he had a valid excuse for refusing to obey an order to move to a new cell and thus that his violation of those rules was justified. We reject that contention. "[A]lthough petitioner claims that he did not leave [his] cell because he feared for his safety, inmates are not free to choose which orders to obey and which to ignore" (*Matter of Farid v Coombe*, 236 AD2d 660). " 'Any holding to the contrary would simply encourage inmates to break rules as a means of addressing their grievances and invite chaos' " (*Matter of Rivera v Smith*, 63 NY2d 501, 515-516).

Contrary to petitioner's further contention, his "conditional right to call witnesses was not violated because the witnesses who were not called would have provided redundant testimony" (*Matter of Robinson v Herbert*, 269 AD2d 807). In addition, petitioner's contention that the Hearing Officer improperly denied his request for documentary evidence is without merit because "the documentary evidence sought by petitioner . . . was not in dispute" (*Matter of Davis v Goord*, 46 AD3d 955, 956, *lv dismissed* 10 NY3d 821), and did

"not include any information exonerating petitioner of his guilt" (*Matter of Seymour v Goord*, 24 AD3d 831, 832, *lv denied* 6 NY3d 711).

Also contrary to petitioner's contention, "[t]he Hearing Officer obtained valid extensions and the hearing was completed within the extended time period" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329). Petitioner's contention that Supreme Court should have granted his motion for recusal because the court was biased against him similarly lacks merit. " 'Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion' " (*People v Williams*, 66 AD3d 1440, 1441, *lv dismissed* 13 NY3d 911, quoting *People v Moreno*, 70 NY2d 403, 405-406). We perceive no abuse of discretion here.

We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered: December 23, 2011          Frances E. Cafarell
Clerk of the Court