People v Baxtrum (2019 NY Slip Op 01948)





People v Baxtrum


2019 NY Slip Op 01948


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


336 KA 15-02009

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SYLVESTER E. BAXTRUM, JR., DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered September 9, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of burglary in the first degree (Penal Law
§ 140.30 [2], [3]) and one count of assault in the second degree
(§ 120.05 [2]), defendant contends that he was denied effective assistance of counsel because defense counsel failed to make a timely motion to sever his trial from that of his codefendant and failed to request a limiting instruction regarding testimony that defendant contends was relevant only to the issue of his codefendant's guilt. We reject defendant's contention. "Any motion to sever . . . would have had little or no chance of success," and thus counsel's failure to make such a motion does not indicate ineffectiveness of counsel (People v Dozier, 32 AD3d 1346, 1347 [4th Dept 2006], lv dismissed 8 NY3d 880 [2007] [internal quotation marks omitted], citing People v Caban, 5 NY3d 143, 152 [2005]). With respect to the limiting instruction, defendant failed to show the absence of strategic or other legitimate explanations for defense counsel's alleged deficiency (see generally People v Benevento, 91 NY2d 708, 712 [1998]). Moreover, we conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of representation, establish that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant's remaining contention is raised for the first time in defendant's reply brief and thus is not properly before us (see People v Larkins, 153 AD3d 1584, 1586 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]; People v Sponburgh, 61 AD3d 1415, 1416 [4th Dept 2009], lv denied 12 NY3d 929 [2009]; People v Boatman, 53 AD3d 1053, 1054 [4th Dept 2008]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court