■ RALPH BREWSTER, Respondent, v CITY OF NEW YORK, Defendant, and the COUNTY OF NASSAU, Appellant. — In an action to recover damages for battery and false imprisonment, the defendant County of Nassau appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), entered April 26, 1984,

which, after a directed verdict on liability and a trial on damages, was in favor of plaintiff and against appellant in the principal sum of $17,500.

Judgment affirmed, with costs.

Two Nassau County police officers on routine patrol, in civilian clothes in an unmarked police car, received a radio communication that a purse snatch had occurred in Nassau County and that the perpetrator was last seen running along the railroad tracks towards Far Rockaway in Queens County. They entered Queens County to look for the perpetrator and saw plaintiff, who apparently fit the description given over the radio, walking along the street on his way to his girlfriend's house. The officers claimed that plaintiff assaulted them when they tried to stop and question him. Plaintiff claimed that he did not know they were police officers because they never identified themselves as such and that they assaulted him when he declined to stop and answer their questions. Mace was used on plaintiff, and he spent 10 hours in jail before being released by an arraignment court. The charges by the police officers that plaintiff assaulted them and resisted arrest were reduced to harassment by the District Attorney, and later dismissed.

At the trial of plaintiff's civil action for battery and false imprisonment, the court directed a verdict in his favor on the issue of liability on the ground that defendant Nassau County's employees had no jurisdiction to stop plaintiff in order to question him in Queens County pursuant to CPL 1.20 (34) (a), (b) and 140.50 (1). Although CPL 140.10 (3) grants law enforcement officers the power to arrest a person without a warrant anywhere in the State for a crime they have probable cause to believe he committed (*see, Alifieris v American Airlines,* 63 NY2d 370), the power to stop and question a person on reasonable suspicion of criminal activity is specifically limited by statute to the geographical area of the officer's employment (CPL 140.50 [1]) and any purported extension of that power by local law is illegally inconsistent with the limitation imposed by the Legislature. Appellant's employees herein were operating outside of their geographical and legal jurisdiction when they stopped plaintiff, concededly without probable cause to arrest him (CPL 1.20 [34] [a], [b]; 140.50 [1]). The directed verdict was, therefore, correct, and is hereby affirmed.

The verdict on the issue of damages, as modified by the trial court, was appropriate and reasonable. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.