■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. STEVENS, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 16, 1988, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the first degree.

Following a jury trial, defendant was convicted of two counts of sexual abuse in the first degree and sentenced to consecutive determinate prison terms of one year on each count. The charges stemmed from two separate incidents during which defendant allegedly molested two different home health aides who worked in his home providing daily care for defendant's elderly grandmother.

The second count of the indictment recites that the sexual abuse occurred "during the third week of August, 1987". After the victim of this incident testified on the People's direct case and had been cross-examined, the prosecutor moved to amend the indictment to assert that the abuse took place "during about the third week of August". County Court denied the

motion and the People rested, whereupon defendant moved to dismiss this count because of the People's failure to present a prima facie case. In denying defendant's motion, County Court observed that the date the offense allegedly occurred was not an element of the crime and further that there was no showing that defendant had been prejudiced by reason of the difference in time between the evidence presented and the indictment's allegations respecting when the offense was committed.

Although it would not have been inappropriate for County Court to have granted the prosecution's request to amend the indictment to reflect the variation in time requested by the prosecution (see, CPL 200.70 [1]; see also, People v Smith, 153 AD2d 995, lv denied 75 NY2d 818), the failure to do so, especially here where the defense consisted of a categorical denial that the incident even occurred, did not prejudice defendant and is harmless (see, People v Mitchell, 40 AD2d 117, 122). As for defendant's claim that the court constructively amended the indictment when it charged the jury that the events giving rise to the second count allegedly happened "during August", it is enough to note that no exception was taken to the charge. Defendant's remaining contention that the sentence imposed was unduly harsh is meritless.

Mahoney, P. J., Casey and Mercure, JJ., concur. Ordered that the judgment is affirmed.