■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD MORGAN, Appellant. [667 NYS2d 470] —Cardona, P. J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 21, 1996, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

In December 1995, defendant, a 71-year-old man, was indicted for sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child stemming from separate incidents involving the sexual molestation of two girls under the age of 11 (hereinafter individually referred to as victim A and victim B). Counts one and two (sodomy in the first degree and sexual abuse in the first degree, respectively) alleged that defendant engaged victim A in deviate sexual intercourse and subjected her to sexual contact. Count three (endangering the welfare of a child) alleged that defendant sexually molested both victims. In a written statement given to the police, defendant confessed to having victim A commit an act of oral sodomy and to sexually abusing both girls while working at a laundromat in the Village of Hudson Falls, Washington County, from 1988 to 1993. Defendant specifically stated that the act of oral sodomy occurred in the late summer or early fall of 1993.

Following a jury trial, defendant was convicted of all charges and sentenced to consecutive prison terms of $8^1/_3$ to 25 years on the charge of sodomy in the first degree and $2^1/_3$ to 7 years on the charge of sexual abuse in the first degree, as well as a concurrent one-year sentence on the charge of endangering the welfare of a child. Defendant appeals.

Defendant argues that there was insufficient evidence to satisfy the corroboration requirement of CPL 60.50. That section states, in pertinent part, that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed" (CPL 60.50). Notably, the additional proof required need not corroborate every detail of the confession (see, People v Booden, 69 NY2d 185, 187), may be either direct or circumstantial and does not have to connect defendant to the crime (see, People v Lipsky, 57 NY2d 560, 563). "[T]he statute is satisfied 'by the production of some proof, of whatever weight, that a crime was committed by someone' "

(*id.*, at 571, quoting *People v Daniels*, 37 NY2d 624, 629; *see, People v Gressler*, 235 AD2d 599, 601, *lv denied* 89 NY2d 1036). Proof of a defendant's culpability can be supplied by his or her confession (*see, People v Safian*, 46 NY2d 181, 186, *cert denied sub nom. Miner v New York*, 443 US 912).

In the instant case, victim A testified that defendant touched her chest and put his hands between her legs. Victim B testified that defendant kissed her on the lips and touched her behind. This evidence corroborated defendant's admissions that he sexually abused both victims. Although victim A did not remember the act of sodomy at trial, she testified that she wrote a diary entry which was introduced into evidence as a past recollection recorded (*see, People v Taylor*, 80 NY2d 1, 8; *see generally*, Prince, Richardson on Evidence § 6-216, at 366 [Farell 11th ed]). That entry read: "he made me suck him their [*sic*] in that one particular place that was so gross". We find that defendant's confession provided the means for understanding the transaction described in the entry (*see, People v Daniels, supra*, at 629) and supported an inference of guilt on the charge of sodomy in the first degree (*see, People v Booden, supra*, at 187).

Defendant also argues that inasmuch as the victims' testimony and the undated diary entry related to offenses that allegedly occurred during the summer or fall of 1994, there was insufficient evidence to corroborate the "offense[s] charged" (CPL 60.50) in the indictment, which alleged that such events occurred in August 1993 or earlier. Because defendant failed to raise this argument before County Court, we deem it waived (*see, People v Martin*, 50 NY2d 1029, 1031; *People v Grant*, 241 AD2d 562, 563, *lv granted* 90 NY2d 913). In any event, were we to consider this contention, we would find it unpersuasive. We note that time was not an essential element of the crimes charged (*see,* Penal Law § 130.50 [3]; § 130.65 [3]; § 260.10 [1]; *People v Edkin*, 210 AD2d 808, 809, *lv denied* 85 NY2d 937). Notwithstanding the one-year discrepancy between the dates in the indictment and the testimony of the victims, we deem it excusable considering the young ages of the victims, the nature of the offenses and the absence of any prejudice to the defense, which "consisted of a categorical denial that the incident[s] even occurred" (*People v Stevens*, 176 AD2d 997, 998; *see generally, People v Carney*, 222 AD2d 1006, *lv denied* 88 NY2d 877; *compare, People v Bigda*, 184 AD2d 993).

Accordingly, we find that sufficient corroboration existed and that there was a "valid line of reasoning * * * which could lead a rational person to the conclusion reached by the jury on

the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see*, *People v Bott*, 234 AD2d 625, 626, *lv denied* 89 NY2d 1009).

Mercure, Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.