THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER NENNI, Appellant. [704 NYS2d 405] —Judgment unanimously affirmed. Memorandum: We previously held the case, reserved decision and remitted the matter to Orleans County Court to conduct a hearing with respect to whether probable cause existed for defendant's arrest (*People v Nenni,* 261 AD2d 900). We agree with the court that probable cause existed.

Defendant was convicted of robbing a delicatessen in the Village of Barre. The robber, who wore a trench coat and ski mask, was seen leaving the establishment on foot and running toward a car. An identified citizen informant saw the car traveling west on Maple Road in the County of Orleans. The local fire chief was in the vicinity and heard the radio transmission that a robbery had just occurred at the delicatessen. He observed a car, the only one traveling west on Maple Road, and proceeded to follow it. The fire chief transmitted the location of the car as he followed it, and two off-duty deputies also responded. Meanwhile, the K-9 officer for the Major Crimes Task Force responded from the Village of Albion, where he was employed. Upon hearing the radio transmissions, he proceeded on Miller Road, where the car was then reported to be traveling, and he observed a car with the license plate number transmitted by the fire chief. The K-9 officer stopped the vehicle and executed a felony takedown. Almost immediately, the off-duty deputies arrived at the scene.

Contrary to defendant's contention, the K-9 officer was authorized to effect the stop outside of the geographical area of his employment because he had reasonable cause to believe that an occupant of that vehicle had committed a crime (*see,* CPL 140.10 [1] [b]; [3]; *cf., People v Nicodemus,* 247 AD2d 833, 835, *lv denied* 92 NY2d 858). Defendant's reliance on *Brewster v City of New York* (111 AD2d 892, 893) is misplaced. In that case, when the defendant was stopped by police who were outside of the geographical area of their employment, the police had only a reasonable suspicion that the defendant had committed a crime, and conceded that they lacked probable cause to arrest the defendant (*see, Brewster v City of New York, supra;* CPL 140.10 [1] [b]; 140.50 [1]). With respect to the necessary quantum of proof to support an arrest, "reasonable cause * * * is usually equated with probable cause" (*People v Johnson,* 66 NY2d 398, 402, n 2; *see,* CPL 140.10 [1] [b]). The K-9 officer was justified in executing a felony takedown in the interest of his safety (*see, People v Allen,* 73 NY2d 378, 379-380) because he was alone on a deserted road; he was unable to

discern the number of occupants in the car because the rear window was frosted over; and he knew that a gun had been used in the robbery.

The contention that defendant was denied a fair trial because the Judge refused to recuse himself is without merit. There was no statutory basis to prevent the Judge from hearing the case (*see,* Judiciary Law § 14), and thus the matter was addressed to the discretion and personal conscience of the Judge (*see, Matter of Petkovsek v Snyder,* 251 AD2d 1086, 1086-1087). Defendant failed to demonstrate that any alleged bias or prejudice on the part of the Judge unjustly affected the result of the case (*see, People v Brunner,* 182 AD2d 1123, *lv denied* 80 NY2d 828).

Although there was conflicting testimony with respect to whether defendant was intoxicated when he gave a statement to police implicating himself in the robbery, the court's determination that the statement was voluntary is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759, 761). The record supports that determination because there was no evidence that defendant " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' ", thereby rendering the confession inadmissible (*People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874; *see also, People v Gadson,* 239 AD2d 924, *lv denied* 90 NY2d 905).

Contrary to the contention of defendant in his *pro se* supplemental brief, the court's instructions to the jury were not improper. Defendant failed to preserve for our review his contentions that the court should have marshalled the evidence regarding the level of his intoxication, and that the instruction with respect to identification testimony was inadequate (*see,* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The other contentions regarding the adequacy of the charge are without merit.

Defendant contends that the proof is not legally sufficient to support the conviction and that the verdict is against the weight of the evidence. We disagree. Defendant was apprehended within minutes of the crime; the money, trench coat and ski mask were in the vehicle in which he was an occupant; the gun was located in proximity to the stopped vehicle; he was identified by his accomplice; and he confessed to the crime. Viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient (*see, People v Williams,* 84 NY2d 925, 926; *People v Bleakley,* 69 NY2d 490, 495). We further conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

The court properly denied the motion of defendant to negate his status as a second felony offender. There was no requirement for the court in 1986 to advise defendant of the collateral consequence that he would be subject to an enhanced sentence in the future if convicted of another crime (*see generally, People v Sirianni,* 89 AD2d 775). Finally, the sentence is neither unduly harsh nor severe. (Resubmission of Appeal from Judgment of Orleans County Court, Hannigan, J.—Robbery, 2nd Degree.) Present—Green, A. P. J., Pigott, Jr., Scudder, Balio and Lawton, JJ.