The People of the State of New York, Respondent, v Kevin Medley, Appellant. (Appeal No. 1.) [751 NYS2d 806] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered August 22, 2001, convicting defendant after a jury trial of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that said appeal from the judgment insofar as it imposes sentence under the second count of the indictment be and the same hereby is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [former (4)]). We reject the contention of defendant that County Court erred in admitting the out-of-court statement of a friend of defendant and his girlfriend to a police officer. Defendant and his girlfriend were fighting and, as the officer approached them, the friend told the officer to "Be careful." We conclude that the out-of-court statement was properly admitted not for its truth but to explain why the officer arrested defendant and searched him for a gun (*see People v Tosca,* 98 NY2d 660, 661; *People v Singletary,* 270 AD2d 903, *lv denied* 95 NY2d 838). There is no merit to the contention of defendant in his pro se supplemental brief that the court failed to issue a *Sandoval* ruling. The court ruled that the People could ask defendant if he had previously been convicted of a felony but could not question him concerning the underlying details of the crime. Also contrary to the contentions of defendant in his pro se supplemental brief, the record supports the court's determination that his statement to the police was voluntary (*see People v Nenni,* 269 AD2d 785, 786, *lv denied* 95 NY2d 801), and he

was not denied effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147). The remaining contention of defendant in his pro se supplemental brief is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.