■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. KREYDATUS, Appellant. [760 NYS2d 592] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), entered October 27, 2000, convicting defendant upon his plea of guilty of the crime of sodomy in the second degree.

Defendant's stepdaughter approached a police officer and disclosed that she had been sexually abused by defendant. Police arranged for the stepdaughter to call defendant, but no incriminating statements were made. When defendant went to pick up his stepdaughter, two officers met him and asked that he accompany them to the police station regarding some allegations of conduct in his household. He agreed, indicating that his stepdaughter had told a lie and he wanted to clarify things. Defendant was transported in an unmarked car, without handcuffs or other restraints. At the police station, defendant sat for approximately five minutes in a waiting room in a public area outside the locked investigation bureau. An investigator then brought him into an office and elicited pedigree information about who resided in the household. Defendant made statements that his stepdaughter was a liar, at which point the investigator read defendant his *Miranda* rights. After indicating that he was willing to speak with the investigator, questioning ensued. Defendant initially denied any sexual contact, but after approximately one hour, he made an incriminating statement about one act of sexual impropriety. The statement was reduced to writing, which defendant read and signed.

Defendant then arranged for his wife to come to the police station. When she arrived, he informed her, in the presence of the investigator, of the sexual encounter with his stepdaughter. Defendant was placed under arrest. The police officers then determined that the acts occurred outside their jurisdiction, so they contacted the State Police. A State Police investigator transported defendant, advised him of his *Miranda* rights, then obtained an oral statement similar to the written statement. Defendant was again arrested.

Defendant was indicted on five counts, including sexual abuse, sodomy and endangering the welfare of a child. Counsel moved to suppress the statements and dismiss the indictment.

After a *Huntley* hearing, County Court denied the motion. Defendant then pleaded guilty to the crime of sodomy in the second degree, with a sentencing recommendation of 2 to 6 years in prison. County Court accepted the plea and sentenced defendant according to that agreement. Defendant appeals.

County Court's factual findings after the *Huntley* hearing are entitled to great deference and will not be disturbed unless clearly erroneous (*see People v MacGilfrey*, 288 AD2d 554, 555-556 [2001], *lv denied* 97 NY2d 757 [2002]). The court must examine the totality of the circumstances under which the statements were obtained, viewed from the perspective of a reasonable, innocent person (*see id.* at 556; *People v Clayborn*, 90 AD2d 597 [1982] [1997]). Defendant agreed to accompany the officers to the station, was transported without handcuffs, was never restrained prior to or during questioning, was given *Miranda* warnings before any questioning regarding the allegations ensued, and the questioning was not prolonged. Although the investigator did not immediately provide *Miranda* warnings upon bringing defendant into the office, *Miranda* warnings were not required before eliciting pedigree information (*see People v Perez*, 198 AD2d 540, 542 [1993], *lvs denied* 82 NY2d 923, 929 [1994]), nor were they required prior to defendant being in custody (*see People v Yukl*, 25 NY2d 585, 588-589 [1969]). Accordingly, County Court properly denied the suppression motion.

Defendant further argues that he was denied the effective assistance of counsel. The standards are whether defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Henry*, 95 NY2d 563, 565 [2000]; *People v Curry*, 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]), and whether he had professionally deficient representation which prejudiced him (*see Strickland v Washington*, 466 US 668 [1984]). Defense counsel made appropriate motions, engaged in pretrial discovery, cross-examined witnesses at the *Huntley* hearing, and negotiated a favorable plea bargain (*compare People v Graham*, 298 AD2d 766, 767 [2002]), thus providing adequate and meaningful representation.

Last, defendant argues that his sentence was excessive. The sentence imposed was within the statutory range and consistent with the plea bargain. As such, it was not harsh or excessive (*see People v Jiminez*, 260 AD2d 723, 724 [1999]; *People v De Percin*, 257 AD2d 762 [1999], *lv denied* 93 NY2d 872 [1999]), or were there extraordinary circumstances that would warrant a reduction (*see People v MacGilfrey, supra* at 556). Examining defendant's remaining arguments, we find them without merit.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.