■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PORLIER, Appellant. [865 NYS2d 732]—

Kane, J. Appeal from a judgment of the County Court of

Washington County (Hall, Jr., J.), rendered June 29, 2007, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (nine counts), criminal sexual act in the first degree, rape in the first degree, sexual abuse in the third degree and endangering the welfare of a child.

A young female relative informed the State Police that defendant had been sexually abusing her for the past six years. Investigators recorded a controlled phone call between the victim and defendant, and then brought him to the station for an interview. Defendant signed a written statement wherein he admitted to several instances of sexual contact with the victim. A grand jury handed up an indictment charging defendant with sexual abuse in the third degree, criminal sexual act in the first degree, rape in the first degree, endangering the welfare of a child and nine counts of sexual abuse in the first degree. County Court denied defendant's motions to dismiss the indictment and suppress his written statement. After trial, he was convicted on all counts, prompting this appeal.

The time frames specified in the indictment did not deprive defendant of due process. "When time is not an essential element of an offense, the indictment . . . may allege the time in approximate terms," as long as it sets forth a time interval which reasonably informs the defendant of the nature of the accusations to enable the preparation of a defense (*People v Watt*, 81 NY2d 772, 774 [1993]; *see People v Dunton*, 30 AD3d 828, 829 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Johnson*, 268 AD2d 891, 892 [2000], *lv denied* 94 NY2d 921 [2000]). Considering the age of the victim when the abuse began, the frequent recurrence of abuse, the familial relationship between the victim and defendant and the unlikelihood of discovery, the time span of a season (i.e., summer 2001) was sufficiently particularized to permit defendant to prepare a defense (*see People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]; *see also People v Watt*, 81 NY2d at 774; *People v Morgan*, 246 AD2d 686, 687 [1998], *lv denied* 91 NY2d 975 [1998]). A lack of further specification did not harm defendant here, as his defense was a categorical denial of any abuse or sexual contact (*see People v Morgan*, 246 AD2d at 687; *People v Stevens*, 176 AD2d 997, 998 [1991]).

County Court properly denied defendant's motion to dismiss based upon his due process right to prompt prosecution. While the People charged defendant with crimes that occurred as much as six years earlier, these crimes were serious, defendant was only incarcerated for a short time prior to indictment and the prosecution obtained an indictment less than one month after

the victim first reported the sexual abuse (*see People v Vernace*, 96 NY2d 886, 887 [2001]).

County Court also properly denied defendant's motion to suppress his written statement. The court's factual findings, which are entitled to deference (*see People v Kreydatus*, 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]), are fully supported by the testimony of the sole witness at the hearing, a State Police investigator. No *Payton* violation occurred, as the investigator testified that the police never entered defendant's home (*see People v Hansen*, 290 AD2d 47, 53 [2002], *affd* 99 NY2d 339 [2003]; *compare Payton v New York*, 445 US 573, 590 [1980]). The investigator testified that defendant agreed to accompany the officers to the police barracks, was not handcuffed as he rode in the front seat of the unmarked police car, was administered *Miranda* warnings, was given a drink of water prior to questioning, and was not arrested until after he provided a written statement (*see People v Kreydatus*, 305 AD2d at 936). Defendant's contrary testimony at trial cannot be utilized to attack the court's decision following the *Huntley* hearing. The hearing transcript does not contain any proof that the statement was obtained involuntarily. Thus, suppression was not warranted.

County Court did not err in denying defendant's challenge of a particular juror for cause. While the juror initially indicated that she would have difficulty in carrying out her duties as a juror and applying the proper burdens, the court further questioned her and obtained affirmations that she could fairly and impartially fulfill her obligation to render a determination based upon the evidence and the court's instructions (*see* CPL 270.20 [1] [b]; *cf. People v Nicholas*, 98 NY2d 749, 751-752 [2002]; *People v McLean*, 24 AD3d 1110, 1111 [2005]).

The evidence fails to prove that defendant committed the crime of rape (count 12). Rape is committed when there is "any penetration, however slight" (Penal Law § 130.00 [1]; *see People v Carroll*, 95 NY2d 375, 383 [2000]; *Matter of Zachary K.*, 299 AD2d 755, 756 [2002]). Here, defendant denied penetration in both his testimony and his written statement. The victim testified that defendant "*tried* to have sex" with her and "tried" to put his penis in her vagina. When the prosecutor asked "did his penis make contact with your vagina," the victim simply answered "yes." Because the evidence is legally insufficient to establish penetration, as opposed to touching or external contact of the sexual parts (*see People v Carroll*, 95 NY2d at 383-384; *People v Dunn*, 204 AD2d 919, 920 [1994], *lv denied* 84 NY2d 907 [1994]), we reduce this conviction to attempted rape in the

first degree and remit for resentencing on that count (*see* CPL 470.15 [2] [a]; *People v Clark*, 52 AD3d 860, 861 [2008]).

The evidence is also legally insufficient to support the convictions on counts one, two and four of the indictment. "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed" (CPL 60.50). While "the additional proof required need not corroborate every detail of the confession," there must be some other proof tending to establish that the charged crime was committed (*People v Morgan*, 246 AD2d at 686; *see People v Groff*, 71 NY2d 101, 107 [1987]). Count one alleges that defendant rubbed the victim's buttocks with his hand, count two alleges that he touched and rubbed her buttocks with his penis and count four alleges that he placed his penis in contact with her anus. In her testimony, the victim never mentioned that defendant touched her buttocks or anus with any part of his body. Without any proof supporting counts one, two and four, other than defendant's uncorroborated confession, the evidence was legally insufficient and those counts must be dismissed.

The evidence was insufficient to establish that the victim was less than age 11 at the time that certain conduct occurred, requiring reduction of count three of the indictment charging sexual abuse in the first degree. Defendant's written confession was vague regarding time periods, and the dates the victim testified to were all after she turned 11. Because the evidence did establish that defendant committed the same conduct when the victim was less than 14, the conviction on count three must be reduced from sexual abuse in the first degree to sexual abuse in the second degree. The victim's testimony provided at least some proof to support the remaining counts (*see People v Dunton*, 30 AD3d at 829-830).

We will not disturb County Court's rulings to allow leading questions here. Leading questions, while ordinarily not permissible on direct examination, may be allowed in the trial court's discretion where they are deemed necessary to clarify or expedite a child victim's testimony in a sexual abuse case (*see People v Martina*, 48 AD3d 1271, 1272 [2008], *lv denied* 10 NY3d 961 [2008]; *People v Cuttler*, 270 AD2d 654, 655 [2000], *lv denied* 95 NY2d 795 [2000]).

The prosecutor's summation did not deprive defendant of a fair trial. Most of the statements objected to by defendant constituted fair comment on the evidence or a reasonable response to the defense summation. There was no flagrant or pervasive misconduct so as to deprive defendant of due process (*see People*

*v Robinson*, 16 AD3d 768, 770 [2005], *lv denied* 4 NY3d 856 [2005]). Defendant's remaining arguments have been reviewed and are without merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of rape in the first degree under count 12 of the indictment, sexual abuse in the first degree under count three of the indictment, sexual abuse in the first degree under counts one and two of the indictment and criminal sexual act in the first degree under count four of the indictment; reduce defendant's conviction under count 12 of the indictment to attempted rape in the first degree, reduce defendant's conviction under count three of the indictment to sexual abuse in the second degree, dismiss counts one, two and four of the indictment, vacate the sentences imposed on all five counts, and matter remitted to the County Court of Washington County for resentencing on counts three and 12 of the indictment; and, as so modified, affirmed.