■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY STROHMAN, Appellant. [886 NYS2d 262]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered February 1, 2008 pursuant to the 2005 Drug Law Reform Act. The order, inter alia, granted defendant's application for resentencing upon defendant's 2004 conviction of criminal possession of a controlled substance in the second degree and specified the sentence that would be imposed.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and specifying that County Court would impose a determinate sentence of incarceration of $10^{1/2}$ years plus a period of postrelease supervision of five years. We previously reversed an order granting defendant's application for resentencing, and we remitted the matter to County Court to determine defendant's application in compliance with DLRA-2 (*People v Strohman*, 46 AD3d 1373 [2007]).

We reject defendant's contention that the proposed new sentence is harsh and excessive. The court upon remittal properly set forth in its decision the reasons for the proposed new sentence, taking into consideration the magnitude of the crime, defendant's prior criminal history, the advantageous terms of the original plea bargain and the fact that defendant had already obtained one reduction of his sentence for his postindictment cooperation with the police (*see generally People v Boatman*, 53 AD3d 1053 [2008]; *People v Newton*, 48 AD3d 115, 119-120 [2007]). We therefore conclude that the court properly exercised its discretion in determining the length of the proposed new sentence. We further reject defendant's contention that the proposed new sentence was unauthorized as a matter of law. Even assuming, arguendo, that defendant's contention is properly raised on an appeal from a specifying order (*see* L 2005, ch 643, § 1), we conclude that the proposed new sentence falls within the sentencing parameters of Penal Law § 70.71 (3) (b) (ii).

The present contention of defendant that the court should have granted his motion for recusal because of the court's general bias against drug crimes, as evidenced in a codefendant's case, is not preserved for our review (*see* CPL 470.05 [2]). The only ground raised by defendant in support of his motion for

recusal was that he had filed a complaint with the Judicial Conduct Commission against the court, thereby creating a conflict of interest akin to the mandatory grounds for recusal contained in Judiciary Law § 14. In any event, we reject defendant's contention. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406 [1987]; *see People v Oehler*, 52 AD3d 955, 956-957 [2008], *lv denied* 11 NY3d 792 [2008]). We perceive no abuse of discretion here. Defendant also failed to preserve for our review his contention that the court erred in denying his motion for recusal because the court's refusal to propose a new sentence lesser than the previously imposed minimum sentence evinced a bias against DLRA-2 and a determination to thwart the ameliorative effects of that legislation. In any event, we reject that contention as well.

We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-2 (*see Boatman*, 53 AD3d at 1054). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.