# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1050

KA 12-00345

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHESTER W. WARREN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 27, 2011. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child (three counts).

It is hereby ORDERED that the judgment so appealed from is reversed on the law, the recusal motion is granted and a new trial before a different judge is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and three counts of endangering the welfare of a child (§ 260.10 [1]), resulting from four separate incidents. Before trial, defendant moved for recusal on the ground that County Court (Hafner, J.) had a personal bias or prejudice against defendant and his girlfriend as a result of a confrontation between the Judge and the girlfriend, as well as a complaint filed by the prosecutor against the Judge that referenced the confrontation.

"Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406; *see People v Williams*, 66 AD3d 1440, 1441-1442, *lv denied* 13 NY3d 911). "Yet, . . . it may be the better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality" (*Moreno*, 70 NY2d at 406).

This is one of those situations. In support of his motion for recusal, defendant submitted an affidavit from defendant's girlfriend in which she alleged as follows: "During July 2008, I was wearing a support Robert Genant for County Court Judge t-shirt at the Oswego

County Fair.  Mr. Genant was running against [Judge Hafner] in his bid for reelection to the bench . . . Judge Hafner, without my permission, took numerous photographs of me wearing the Genant t-shirt over the course of approximately an hour as I moved around the fairgrounds . . . . While I was at a picnic table at the fair, Judge Hafner approached me, yelled at me, and told me that I was going to go to jail for wearing the t-shirt.  He apparently believed that I was using my position as a Director of the fair to improperly support the Genant candidacy.  I became so frightened that I immediately removed the shirt . . . Subsequently, Judge Hafner visited the home I share with [defendant] presumably to apologize for the incident.  I refused to speak to him, and instead sent [defendant] outside to tell Judge Hafner that I was not willing to listen to what he might have to say . . . In the summer of 2009, I was contacted by Gregory Oakes, Esq. [the prosecutor who ultimately tried defendant's case] regarding the incident with Judge Hafner.  Attorney Oakes asked if I would be willing to provide information in support of a grievance that was being prepared against Judge Hafner.  I answered in the affirmative . . . Upon information and belief, my recollection of the details of the incident that occurred between me and Judge Hafner during 2008 was included in a grievance filed against Judge Hafner."

Although the grievance was ultimately denied, defendant contended in support of his motion for recusal that his ability to present a defense would be hindered because Judge Hafner's status as the presiding judge might affect defendant's decision whether to call his girlfriend as a witness.  The prosecutor confirmed the accuracy of the facts set forth in the affidavit of defendant's girlfriend. Critically, however, the prosecutor added that defendant's girlfriend and defendant were "specifically referenced . . . by name" in the grievance and that the court had been provided with a copy of that grievance.  The prosecutor did not oppose the recusal motion.

At argument of the recusal motion, defense counsel contended that defendant was considering a bench trial, and that defendant's constitutional right to present a defense at a bench trial would be impaired because he might not call his girlfriend as a witness if Judge Hafner continued to preside over the case.  In continuing to preside over the case, Judge Hafner left himself in the position to impose sentence on defendant, shortly after defendant was referenced in a grievance filed against Judge Hafner.  We note that the grievance was provided to Judge Hafner before he determined the recusal motion. Under these circumstances, we conclude the court should have granted the recusal motion, and we thus reverse the judgment, grant the recusal motion and grant a new trial before a different judge.

We now turn to defendant's remaining contentions.  Although defendant contends that reversal is warranted based on the alleged misconduct of the prosecutor in referring to religion, he failed to object to any of those references and thus failed to preserve his contention for our review (*see People v Rawleigh*, 89 AD3d 1483, 1484, *lv denied* 18 NY3d 961; *People v Weinberg*, 75 AD3d 612, 613-614, *lv denied* 15 NY3d 896).  In any event, defendant's contention lacks merit because defense counsel opened the door to those references by

initially questioning defendant's girlfriend on religious issues and the prosecutor did not thereby denigrate anyone's religion, nor were his questions prejudicial or inflammatory (*see People v Caicedo*, 173 AD2d 630, 631, *lv denied* 78 NY2d 963; *cf. People v Forchalle*, 88 AD2d 645, 646).  Defendant's remaining contentions related to prosecutorial misconduct are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that discrepancies in the date on which one incident occurred warrant reversal.  Where, as here, there is a distinct variance between a date in the indictment and the proof at trial, reversal is not required when the defense "consist[s] of a categorical denial that the incident[] even occurred" (*People v Stevens*, 176 AD2d 997, 998; *see also People v Morgan*, 246 AD2d 686, 687, *lv denied* 91 NY2d 975).  "Moreover, the discrepancies did not hamper the ability of defendant to present a defense and are excusable" (*People v Holman*, 249 AD2d 947, 947, *lv denied* 92 NY2d 899).  We note in addition that the court's charge clarified the date on which the incident in question occurred, and thus "there was no danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts" (*People v Whitfield*, 255 AD2d 924, 924, *lv denied* 93 NY2d 981; *see People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "The credibility of the witnesses was an issue for the jury to determine, and we perceive no basis for disturbing that determination" (*People v Newman*, 87 AD3d 1348, 1350, *lv denied* 18 NY3d 926; *see People v Burgos*, 90 AD3d 1670, 1671, *lv denied* 19 NY3d 862; *People v Kalen*, 68 AD3d 1666, 1667, *lv denied* 14 NY3d 842).  We further conclude that defendant received meaningful representation (*see generally People v Schulz*, 4 NY3d 521, 530-531; *People v Baldi*, 54 NY2d 137, 147).

We reject defendant's contention that the court erred at sentencing when it permitted the victim of the sexual abuse counts to make a statement via electronic recording.  Where, as here, a defendant has been convicted of a felony, the court upon proper notice "shall accord the victim the right to make a statement" (CPL 380.50 [2] [b]).  CPL 380.50 does not specifically permit or prohibit the presentation of an electronically recorded statement; it merely requires that the victim's statement precede statements from defendant or defense counsel made pursuant to CPL 380.50 (1) (*see* CPL 380.50 [2] [c]).  CPL 380.50 (2) was enacted to "elevate[] what had previously been a privilege . . . 'to a right' " (*People v Hemmings*, 2 NY3d 1, 6, *rearg denied* 2 NY3d 824).  Inasmuch as a defendant has no right of confrontation or cross-examination at sentencing (*see People v Leon*, 10 NY3d 122, 125-126, *cert denied* 554 US 926; *People v Gilbert*, 17 AD3d 1164, 1164-1165, *lv denied* 5 NY3d 762), no right of a defendant

is violated when a victim's statement is submitted in the form of an electronic recording. "Aside from parameters of punishment defined by the statute which defines the offense, the only real limit to the court's discretion in imposing sentence is the defendant's right to be sentenced on reliable and accurate information (*United States v Atkins*, 480 F2d 1223). This right, in turn, is protected by the procedural right to a reasonable opportunity to 'refute the aggravating factors which might have negatively influenced the court' " (*People v Bolson*, 185 Misc 2d 753, 755-756, *affd* 284 AD2d 340, *lv denied* 96 NY2d 898, quoting *People v Redman*, 148 AD2d 966, 966, *lv denied* 74 NY2d 745; *see People v May*, 263 AD2d 215, 220-221, *lv denied* 94 NY2d 950).

In view of our determination to grant a new trial, we need not address defendant's remaining contention concerning the severity of the sentence.

All concur except SCUDDER, P.J., and SMITH, J., who dissent and vote to affirm in the following Memorandum: We respectfully dissent. While we agree with the majority that recusal may have been the better practice inasmuch as the allegations of "personal bias or prejudice" created a reasonable basis upon which to question the Trial Judge's impartiality (22 NYCRR 100.3 [E] [1] [a] [i]; *see People v Moreno*, 70 NY2d 403, 405-406), we cannot agree that reversal is required. Where, as here, there is no statutory basis to prevent a Trial Judge from hearing the case (*see* Judiciary Law § 14), the decision on a recusal motion is a matter addressed to the discretion and personal conscience of the Trial Judge (*see Moreno*, 70 NY2d at 405-406). A Trial Judge's "decision in this respect may not be overturned unless it was an abuse of discretion" (*id*. at 406; *see People v Strohman*, 66 AD3d 1334, 1336, *lv dismissed* 13 NY3d 911; *People v Williams*, 57 AD3d 1440, 1441, *lv denied* 12 NY3d 789). We perceive no such abuse of discretion in this case.

Several years before defendant was arrested and this case was tried, the Trial Judge allegedly had a verbal altercation with defendant's girlfriend. The prosecutor who tried this case filed a grievance against the Trial Judge based in part on that alleged altercation. As the majority notes, the grievance was ultimately denied. In *Strohman* (66 AD3d at 1335-1336), we held that it was not an abuse of discretion for a Trial Judge to deny a defendant's recusal motion even though it was the defendant himself who had filed a complaint against the Trial Judge with the Judicial Conduct Commission. Here, the grievance was filed by the prosecutor, and it was based on an alleged altercation between the Trial Judge and defendant's girlfriend that had occurred years earlier.

Contrary to defendant's contention, there is no evidence that " '[t]he alleged bias and prejudice . . . result[ed] in an opinion on the merits on some basis other than what the [Trial J]udge learned from his participation in the case' " (*Moreno*, 70 NY2d at 407, quoting *United States v Grinnell Corp*., 384 US 563, 583), or that "any alleged bias or prejudice on the part of the [Trial] Judge unjustly affected

the result of the case" (*People v Nenni*, 269 AD2d 785, 786, *lv denied* 95 NY2d 801; *see Moreno*, 70 NY2d at 407).  Defendant does not, and indeed cannot, point to any evidentiary ruling or sentencing decision that resulted from the alleged bias or prejudice.  Rather, the only basis for defendant's contention that the alleged bias and prejudice potentially affected the result is the statement of defense counsel that defendant was "considering" a bench trial and questioned whether the Trial Judge could remain unbiased.  That statement, however, establishes only that *defendant* questioned whether the Trial Judge could be impartial if he were to sit as the fact-finder.  It does not establish that the Trial Judge, i.e., "the sole arbiter of recusal," questioned his own ability to be impartial (*Moreno*, 70 NY2d at 405).

Because we agree with the majority that there is no other basis for reversal, we would affirm.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court