Scudder, EJ., and Smith, J.
(dissenting). We respectfully dissent. While we agree with the majority that recusal may have been the better practice inasmuch as the allegations of “personal bias or prejudice” created a reasonable basis upon which to question the trial judge’s impartiality (22 NYCRR 100.3 [E] [1] [a] [i]; see People v Moreno, 70 NY2d 403, 405-406 [1987]), we cannot agree that reversal is required. Where, as here, there is no statutory basis to prevent a trial judge from hearing the case (see Judiciary Law § 14), the decision on a recusal motion is a matter addressed to the discretion and personal conscience of the trial judge (see Moreno, 70 NY2d at 405-406). A trial judge’s “decision in this respect may not be overturned unless it was an abuse of discretion” (id. at 406; see People v Strohman, 66 AD3d 1334, 1336 [2009], lv dismissed 13 NY3d 911 [2009]; People v Williams, 57 AD3d 1440, 1441 [2008], lv denied 12 NY3d 789 [2009]). We perceive no such abuse of discretion in this case.
Several years before defendant was arrested and this case was tried, the trial judge allegedly had a verbal altercation with defendant’s girlfriend. The prosecutor who tried this case filed a grievance against the trial judge based in part on that alleged altercation. As the majority notes, the grievance was ultimately denied. In Strohman (66 AD3d at 1335-1336), we held that it was not an abuse of discretion for a trial judge to deny a defendant’s recusal motion even though it was the defendant himself who had filed a complaint against the trial judge with the *1404 Judicial Conduct Commission. Here, the grievance was filed by the prosecutor, and it was based on an alleged altercation between the trial judge and defendant’s girlfriend that had occurred years earlier.
Contrary to defendant’s contention, there is no evidence that “ £[t]he alleged bias and prejudice . . . result[ed] in an opinion on the merits on some basis other than what the [trial] judge learned from his participation in the case’ ” (Moreno, 70 NY2d at 407, quoting United States v Grinnell Corp., 384 US 563, 583 [1966]), or that “any alleged bias or prejudice on the part of the [Trial] Judge unjustly affected the result of the case” (People v Nenni, 269 AD2d 785, 786 [2000], lv denied 95 NY2d 801 [2000]; see Moreno, 70 NY2d at 407). Defendant does not, and indeed cannot, point to any evidentiary ruling or sentencing decision that resulted from the alleged bias or prejudice. Rather, the only basis for defendant’s contention that the alleged bias and prejudice potentially affected the result is the statement of defense counsel that defendant was “considering” a bench trial and questioned whether the trial judge could remain unbiased. That statement, however, establishes only that defendant questioned whether the trial judge could be impartial if he were to sit as the fact-finder. It does not establish that the trial judge, i.e., “the sole arbiter of recusal,” questioned his own ability to be impartial (Moreno, 70 NY2d at 405).
Because we agree with the majority that there is no other basis for reversal, we would affirm. Present — Scudder, PJ., Smith, Fahey, Bindley and Martoche, JJ.