# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

400

CA 14-00180

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

CARMEN BRITT AND CARMEN BRITT, AS EXECUTOR OF
THE ESTATE OF LULA BAITY, DECEASED,
PLAINTIFF-APPELLANT,

           V                    MEMORANDUM AND ORDER

BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE, BISILOLA F. JACKSON, ADMINISTRATOR OF
THE ESTATE OF JERELENE ELIZABETH GIWA, DECEASED,
GRACE MANOR HEALTH CARE FACILITY, INC., DAVID J.
GENTNER, MARY STEPHAN, KATHY RANDALL, TIFFANY
MATTHEWS AND PHILLIP J. RADOS, M.D.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

LOUIS ROSADO, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (ELIZABETH G. ADYMY OF
COUNSEL), FOR DEFENDANT-RESPONDENT PHILLIP J. RADOS, M.D.

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS GRACE MANOR HEALTH CARE FACILITY, INC., DAVID
J. GENTNER, MARY STEPHAN, KATHY RANDALL AND TIFFANY MATTHEWS.

COLUCCI & GALLAHER, P.C., BUFFALO (JOHN J. MARCHESE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE AND BISILOLA F. JACKSON, ADMINISTRATOR OF THE ESTATE OF JERELENE
ELIZABETH GIWA, DECEASED.

---

    Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered February 6, 2013. The order denied the motion of
plaintiff for recusal.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum: Plaintiff contends on appeal that Supreme Court
erred in denying her recusal motion. It is well established that,
"[a]bsent a legal disqualification under Judiciary Law § 14, a Trial
Judge is the sole arbiter of recusal . . . A court's decision in this
respect may not be overturned unless it was an abuse of discretion"
(*People v Moreno*, 70 NY2d 403, 405-406). Contrary to plaintiff's
contention, we conclude that the court did not abuse its discretion in

denying the motion (*cf. People v Warren*, 100 AD3d 1399, 1400). Plaintiff's allegations that the court exhibited bias in favor of defendants and prejudice against her are contradicted by the record.