(September 29, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD SMITH, Appellant, v MICHELLE ARTUS, Superintendent, Livingston Correctional Facility, Respondent. [60 NYS3d 869]—

Appeal from a judgment of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), dated February 26, 2015 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, contending that County Court had lost jurisdiction to sentence him because of its unreasonable delay in imposing sentence, and that the sentencing judge had erred in failing to recuse himself. We conclude that Supreme

Court properly denied the petition. As an initial matter, petitioner's contention in his pro se supplemental brief that respondent's return should have been disregarded and his petition granted because the return failed to comply with the requirements of CPLR 7008 is improperly raised for the first time on appeal (*see generally People ex rel. Peoples v New York State Dept. of Corr. Servs.*, 117 AD3d 1486, 1487 [2014], *lv denied* 23 NY3d 909 [2014]), and it is without merit in any event (*see generally People ex rel. Caswell v New York State Div. of Parole*, 11 AD3d 1008, 1008-1009 [2004], *lv denied* 4 NY3d 701 [2004]). With respect to the merits of the petition, habeas corpus relief is unavailable because petitioner's contentions "can be raised on his pending direct appeal from the judgment of conviction or by way of a CPL article 440 motion" (*People ex rel. Thomas v Dray*, 197 AD2d 853, 853 [1993], *lv denied* 82 NY2d 663 [1993], *rearg denied* 83 NY2d 847 [1994]; *see People ex rel. Martinez v Graham*, 98 AD3d 1312, 1312 [2012], *lv denied* 20 NY3d 853 [2012]; *People ex rel. Lanfair v Corcoran*, 60 AD3d 1351, 1351 [2009], *lv denied* 12 NY3d 714 [2009]). Moreover, petitioner's recusal contention would not entitle him to immediate release even if it had merit (*see generally People v Warren*, 100 AD3d 1399, 1401 [2012]), and it therefore is unavailable as a basis for habeas corpus relief for that reason as well (*see People ex rel. Douglas v Vincent*, 50 NY2d 901, 903 [1980]; *People ex rel. Cole v Graham*, 147 AD3d 1350, 1351 [2017], *lv denied* 29 NY3d 914 [2017]). We have reviewed petitioner's remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or modification of the judgment. Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.