People v Lawhorn (2019 NY Slip Op 09223)





People v Lawhorn


2019 NY Slip Op 09223


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1309 KA 14-01614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE LAWHORN, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 2, 2014. The judgment convicted defendant upon a jury verdict of robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one and two of the indictment in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law
§ 160.15 [4]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as his motion for a trial order of dismissal was not " specifically directed' " at the alleged errors asserted on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Cahoon, 176 AD3d 1610, 1611 [4th Dept 2019]; People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crimes proved beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Contrary to defendant's further contention, Supreme Court properly refused to suppress evidence recovered during a search of defendant's vehicle (see People v Arroyo, 167 AD3d 1537, 1538 [4th Dept 2018], lv denied 33 NY3d 945 [2019]; see generally People v Garcia, 20 NY3d 317, 322-323 [2012]; People v De Bour, 40 NY2d 210, 222-223 [1976]).
However, as the People correctly concede, the court committed reversible error when it "negotiated and entered into a [plea] agreement with a codefendant[,] requiring that individual to testify against defendant in exchange for a more favorable sentence" (People v Towns, 33 NY3d 326, 328 [2019]). Here, "by assuming the function of an interested party and deviating from its own role as a neutral arbiter, the trial court denied defendant his due process right to [a] fair trial in a fair tribunal' " (id. at 333). We therefore reverse the judgment and grant a new trial before a different justice on counts one and two of the indictment (see id.; see also People v Warren, 100 AD3d 1399, 1401 [4th Dept 2012]; People v Koberstein, 216 AD2d 868, 868 [4th Dept 1995]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court